UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JULIE SCHIEBER,

                       Plaintiff,

v.                                                 Civil Action No. _____

H&P CAPITAL, INC.,

                       Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Julie Schieber is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant H&P Capital, Inc., (hereinafter "HPC") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt for a pay day loan. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

13. That on or about June 29, 2009, Defendant attempted to contact Plaintiff at her place of employment. Plaintiff was unable to answer and Defendant left a voicemail for Plaintiff.

14. That in or about July 2009, after receiving Defendant's message, Plaintiff called and spoke with Defendant. Plaintiff informed Defendant that it was inconvenient and forbidden by her supervisors for Defendant to contact Plaintiff at her place of employment and requested they immediately cease and desist contacting her there.

15. That on or about July 16, 2009, Defendant called Plaintiff's place of employment and spoke with a co-worker. During the subject conversation Defendant disclosed that Plaintiff owed a debt and that Defendant was attempting to collect it.

16. That on or about July 20, 2009, Defendant twice called Plaintiff's place of employment. In the first communication Defendant spoke with a co-worker and disclosed that Plaintiff owed a debt. In the second communication Plaintiff's co-worker did not answer and Defendant left a message on their voicemail. In the subject message Defendant states that if Plaintiff does not contact the Defendant immediately, that the "very serious time sensitive matter" that has been filed against her in West Seneca, NY will be "issued out and processed against her." Plaintiff's co-worker forwarded the message to Plaintiff. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands.

17. That in or about July of 2009, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

2

18. That in or around July and August of 2009, Defendant telephoned the Plaintiff in an attempt to collect the subject debt and left nine messages on her voicemail. In all of these messages, Defendant both failed to provide the requisite mini-Miranda warning and threatened her that legal action was filed against Plaintiff or that legal action was going to be filed against her.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing to Plaintiff's co-worker that Plaintiff owed a debt.

    B. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by contacting Plaintiff at her place of employment after knowing it was inconvenient for Plaintiff and prohibited by her employer.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) by stating that if Plaintiff didn't contact the Defendant, that the matter that had been filed against her in West Seneca, NY will be "issued out and processed against her" and by stating on several voice messages that a legal action has been or will be filed against her. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands. That Plaintiff had neither the legal authority nor intent to take such action and therefore was a false, deceptive, and misleading representation in connection with the collection of a debt.

    D. Defendant violated 15 U.S.C. §1692e by failing to state the requisite mini-Miranda warning when leaving voice messages on Plaintiff's answering machine.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 15, 2010

      /s/ Seth Andrews_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      sandrews@kennethhiller.com